**Jo Ann ZEPHER, Plaintiff-Appellant,**

v.

**KAISER FOUNDATION HOSPITAL, Defendant-Appellee.**

**No. 15-16895**

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2017 * San Francisco, California

Filed April 19, 2017

---

1. Davis failed to object to the admission of the evidence at trial.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ellen Carol Dove, Law Office of Ellen C. Dove, Sacramento, CA, for Plaintiff-Appellant

Julia Brodsky, Attorney, Martin Lee Fineman, Esquire, Attorney, Judith Droz Keyes, Davis Wright Tremaine LLP, San Francisco, CA, Shirin M. Soleman, Davis Wright Tremaine LLP, Seattle, WA, for Defendant-Appellee

Before: FERNANDEZ and MURGUIA, Circuit Judges, and CURIEL,** District Judge.

## MEMORANDUM ***

Plaintiff Jo Ann Zepher appeals the district court's grant of summary judgment in favor of her former employer, Defendant Kaiser Foundation Hospital ("Kaiser"), on Zepher's claims for discrimination, retaliation, and constructive termination under various state and federal statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. We review de novo a district court's grant of summary judgment. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). "Summary judgment is proper only if no material facts are in dispute and one party is entitled to prevail as a matter of law." *McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984). We also review de novo a district court's analysis of contractual language and its application of principles of contract interpretation, *Sentry Select Ins. Co. v. Royal Ins. Co. of Am.*, 481 F.3d 1208, 1216 (9th Cir. 2007), as well as its interpretation of state law, *Wash. Pub. Power Supply Sys. v. Pittsburgh-Des Moines Corp.*, 876 F.2d 690, 692 (9th Cir. 1989). Under California law, release agreements are governed by the same principles applicable to any other contractual agreement. *Hess v. Ford Motor Co.*, 27 Cal.4th 516, 117 Cal.Rptr.2d 220, 41 P.3d 46, 51 (2002). In general, a written release of claims will bar any claim covered by the release's terms, provided the release has not been obtained by fraud, deception, misrepresentation, duress, or undue influence. *Edwards v. Comstock Ins. Co.*, 205 Cal. App.3d 1164, 252 Cal.Rptr. 807, 809 (1988).

3. The district court properly concluded that all of Zepher's claims are covered by the Separation Agreement and General Release ("General Release") she signed as part of an early retirement package. The General Release states in broad terms that Zepher agreed to "release[ ] and forever discharge[ ] ... Kaiser Foundation Hospitals ... from any and all claims of any kind, known and unknown, arising out of or related to [Zepher's] employment with [Kaiser] or the termination of [Zepher's] employment." While the General Release does not bar Zepher's "right to file an administrative charge of discrimination," it clearly precludes her from bringing a claim to recover money or individual relief associated with such a charge. Accordingly, the district court did not err in concluding that the General Release's clear and unambiguous language covers all of Zepher's claims, including those claims arising out of her October 2013 complaint lodged with the California Department of Fair Employment and Housing.

4. The district court also did not err in concluding that Zepher's various arguments as to why the General Release is either void or should not be enforced necessarily fail because they lack any evidentiary and legal support. Zepher has presented insufficient evidence to raise a genuine dispute of material fact as to whether Kaiser secured Zepher's assent to the General Release through undue influence or duress, and the undisputed evidence surrounding the execution of the General Release strongly indicates that Kaiser did not exercise excessive pressure on Zepher or otherwise engage in any wrongdoing. *See Odorizzi v. Bloomfield Sch. Dist.*, 246 Cal.App.2d 123, 54 Cal.

---

** The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Rptr. 533, 540 (1966) (identifying the elements to establish "undue influence"); *see also People v. Leal*, 33 Cal.4th 999, 16 Cal.Rptr.3d 869, 94 P.3d 1071, 1073 (2004) (defining "duress"). Notably, the clear, plain language of the General Release states that Zepher had 45 days to consider the retirement package before accepting it, and expressly advised that Zepher could consult a lawyer before executing the General Release. Zepher admittedly did not read the General Release before signing it, and it appears she misunderstood how much time she had to review the contents of her early retirement package; however, neither of these facts indicates any wrongdoing on the part of Kaiser.

■ 5. The district court also did not err in rejecting Zepher's argument that the General Release cannot be enforced because it lacked consideration. The General Release specifically provided that Zepher's release of claims was "in consideration of" certain benefits, such as severance pay, medical benefits, and early retirement eligibility. Zepher received more than nominal benefit from her release of claims and she cites no authority to support her argument she should have received more in exchange for her release of claims than other Kaiser employees. *See A. J. Indus., Inc. v. Ver Halen*, 75 Cal.App.3d 751, 142 Cal.Rptr. 383, 389 (1977) ("[C]ourts do not weigh the quantum of the consideration as long as it has some value."). Further, Zepher's argument that the General Release should not be enforced because she did not subjectively intend to release her claims against Kaiser is foreclosed under California law, where "[m]utual assent to contract is based upon objective and outward manifestations of the parties." *Stewart v. Preston Pipeline Inc.*, 134 Cal.App.4th 1565, 36 Cal.Rptr.3d 901, 919 (2005). Therefore, subjective intent is irrelevant.

■ 6. Lastly, Zepher has failed to proffer sufficient evidence to raise a genuine dispute of material fact as to whether the General Release is unconscionable. Unconscionability has both a "procedural" and "substantive" element, and both elements must be present before a court may exercise its discretion to refuse to enforce a contract under the unconscionability doctrine. *A&M Produce Co. v. FMC Corp.*, 135 Cal.App.3d 473, 186 Cal.Rptr. 114, 121–22 (1982). The procedural element focuses on whether there was unequal bargaining power between the two parties; while the substantive element focuses on "overly harsh" or "one-sided" results. *Id.* Here, Zepher admittedly did not read the General Release and there is no objective evidence in the record to support Zepher's belief that she had no power to negotiate the terms of her retirement package. Further, Zepher does not appear to argue that the General Release was "overly harsh" or "one-sided." Indeed, because California courts have enforced similar releases in the past, *see, e.g., Skrbina v. Fleming Cos.*, 45 Cal.App.4th 1353, 53 Cal.Rptr.2d 481, 489 (1996), we cannot conclude that the General Release would not be deemed "overly harsh" under California law.

**AFFIRMED.**